# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:24-cv-2529 |
| OUR FUTURE CHILDREN, INC. AND JEANNETTE HALL, | § § § | |
| *Defendants*. | § § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

**NOW COMES** Plaintiff, Philadelphia Indemnity Insurance Company ("PIIC"), and files this Original Complaint for Declaratory Relief and would show the following:

### I.    NATURE OF THE ACTION

1.    This is an insurance coverage action regarding a Final Default Judgment rendered against Defendant Our Future Children, Inc. ("OFC") in a personal injury lawsuit stemming from a workplace accident, styled *Jeannette Hall v. Our Future Children, Inc.,* Cause No. DC-20-05582, filed in the 44th Judicial District Court of Dallas County, Texas (the " Underlying Lawsuit").

2.    PIIC issued OFC a liability policy that required OFC to provide notice of lawsuit against it. The  Underlying Lawsuit was filed April 13, 2020. The Final Default Judgment was entered November 10, 2020. OFC did not notify PIIC of the  Underlying Lawsuit or Final Default Judgment until July 29, 2024.

3.    PIIC seeks a declaration that: (a) PIIC has no duty to defend OFC for the claims asserted against it in the  Underlying Lawsuit; (b) it has no duty to indemnify OFC for the damages awarded against it in the  Underlying Lawsuit; (c) that OFC's failure to notify PIIC of the filing

and service of the  Underlying Lawsuit was a breach of the Policy's notice provisions; (d) OFC's failure to forward suit papers to PIIC was a breach of the Policy's notice provisions; (e) failure to comply with the Policy's notice provisions constitutes a breach of a condition precedent to coverage; (f) that the Final Default Judgment was prejudicial to PIIC as a matter of law; and (g) that PIIC has no duty to satisfy the Final Default Judgment entered in the  Underlying Lawsuit.

## II.    PARTIES

4.    Plaintiff PIIC is a corporation formed under Pennsylvania law with its principal place of business at One Bala Plaza, Suite 100, Bala Cynwyd, Montgomery County, PIIC 19004. PIIC is a citizen of Pennsylvania.

5.    Defendant OFC's business, at the time the  Underlying Lawsuit was filed, was located at 511 East Camp Wisdom, Suite No. C, Duncanville, Texas. OFC has since closed its Texas office but continues to exist as a corporate entity organized under the State of Hawaii. Its principal place of business is located at 5209 Irqouois Ave. Apt. B., Ewa Beach, Honolulu, Hawaii 96706. It may be served with process by serving its Registered Agent Beverly Chapman at 91-1050 Kaimoana St., Ewa Beach, Hawaii 96706, or, alternatively, at 5209 Irqouois Ave. Apt. B., Ewa Beach, Hawaii 96706, or its officers Nathaniel Dixon or Sydney Chapman or any other authorized officer at either of the two listed addresses. OFC is a citizen of Texas and Hawaii.

6.    Defendant Jeannette Hall is an individual residing at 212 Wolf Street, Cedar Hill, Dallas County, Texas 75104, who may be served with process at this address or any other location where she may be found. Defendant Hall is an interested party in this action by virtue of the Final Default Judgment she obtained in the  Underlying Lawsuit. Hall is a citizen of Texas.

## III.    JURISDICTION AND VENUE

7.    This is an action for declaratory judgment relief pursuant to 28 U.S.C. § 2201 *et*

*seq.*

8.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) because the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000, exclusive of costs and interest.

9.      Venue is appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to PIIC's claims occurred in this district. The incident that gave rise to the Underlying Lawsuit occurred in Dallas County, Texas, the Underlying Lawsuit was filed in Dallas County, and the Final Default Judgment was entered in Dallas County, Texas.

## IV.    THE UNDERLYING LAWSUIT

10.     Jeannette Hall ("Hall") alleged in Plaintiff's Original Petition (the "Petition") that on May 7, 2018, she was an employee of OFC, and while performing her duties within the scope of her employment, she slipped and fell on a wet floor. She sustained a fractured ankle that required surgery. Hall asserted claims for negligence of premises liability, negligence in hiring, training, supervising, and controlling, and claims under Chapter 406 of the Texas Labor Code. A true and correct copy of the Petition, the live pleading, is attached as Exhibit 1.

11.     On November 10, 2020, the Court entered a "Final Default Judgment As To Our Future Children, Inc." A true and correct copy of it is attached as Exhibit 2.

12.     The Court's findings in entering the Final Default Judgment included that:

a.   Hall properly obtained service of OFC by and through its registered agent, Beverly Chapman.

b.   Such service was properly returned and remained on file since May 26, 2020.

c.   An Interlocutory Default Judgment was entered as to liability on July 28, 2020.

d.   Hall proved her actual damages against OFC, including:

a. $78,653.03 in reasonable and necessary past medical care;

b. $3000.00 in reasonable and necessary future medical care;

c. $50,000.00 in past physical pain and suffering;

d. $25,000.00 in past mental anguish

e. $50,000.00 in future pain and suffering;

f. $25,000.00 in future mental anguish;

g. $14,240.00 in past lost wages;

h. $0.00 in future lost wages;

i. $689.83 in court costs;

j. $5961.36 in prejudgment interest;

k. Post-judgment interest at 5% per annum from the date of the Order and continuing until the Final Default Judgment is paid in full.

13.     On July 29, 2024, PIIC first received notice of the   Underlying Lawsuit and resultant Final Default Judgment.

## V.      THE PIIC POLICY

14.     PIIC issued OFC a commercial package policy bearing policy number PHPK1788655, effective February 24, 2018 to February 24, 2019, with liability limits of $1 million per "occurrence" and $2 million in the aggregate (the "Policy"). A true and correct copy of the Policy is attached as Exhibit 3. The Policy provides in relevant part:

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.    **Insuring Agreement**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply**.**

\* \* \*

**a.**    This insurance applies to "bodily injury" and "property damage" only if:

**(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**    The "bodily injury" or "property damage" occurs during the policy period;

\* \* \*

2.    **Exclusions**

This insurance does not apply to:

\* \* \*

**d.**    **Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

\* \* \*

**e.**    **Employer's Liability**

"Bodily Injury" to:

**(1)**    An "employee" of the insured arising out of and in the course of:

**(a)**    Employment by the insured; or
**(b)**    Performing duties related to the conduct of the insured's business; or

**(2)**    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

\* \* \*

The Policy defines "Employee" to include "a 'leased worker.' 'Employee does not include a 'temporary worker.'"

15.    The Policy also contains the following suit notice requirements:

\* \* \*

2.    **Duties In The Event of Occurrence, Offense, Claim Or Suit**

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and
(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

\* \* \*

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

3.    **Legal Action Against Us**

No person or organization has a right under this Coverage Part:

a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

## VI.    DECLARATION OF NO COVERAGE

16.    In her Petition, Hall alleged that she was injured at her place of employment while performing her duties within the scope of employment for OFC. In addition, she sought damages against OFC for its acts and omissions in its capacity as her employer. Such allegations fall squarely within the Policy's workers' compensation and employer's liability exclusions, which preclude coverage for "bodily injury" to an insured's "employee." As such, the allegations did not trigger a defense obligation, and PIIC had no duty to defend OFC in the Underlying Lawsuit.

17.    The Court's findings in the Final Default Judgment include that OFC was negligent as alleged by Hall. OFC's negligence arose from its acts and/or omissions as Hall's employer. Such acts and/or omissions fall within the Policy's workers' compensation and employer's liability exclusions as set out above. Thus, Hall's damages are not covered damages under the Policy. Consequently, PIIC has no duty of indemnity in the Underlying Lawsuit.

18.    OFC, as the Court also found, had been properly served with the Underlying Lawsuit by and through its registered agent, Beverly Chapman. A true and correct copy of the Officer's Return confirming service upon OFC through its agent, Beverly Chapman, at 5209 Iroquois Ave #B, Ewa Beach, HI 96706 on May 23, 2020 is attached hereto as Exhibit 4.

19.     Even though OFC had notice of the  Underlying Lawsuit no later than May 23, 2020, it did not notify PIIC or forward suit papers to PIIC until more than four years later in July of 2024.

20.     OFC failed to promptly notify PIIC of the  Underlying Lawsuit and to forward suit papers as required by the Policy's suit notice provisions.

21.     OFC failed to promptly notify PIIC of the Final Default Judgment entered on November 10, 2020, until almost four years later on July 29, 2024.

22.     OFC's failure to notify PIIC of the  Underlying Lawsuit, to forward suit papers, and failure to promptly notify PIIC of the Final Default Judgment are each a breach of the Policy's suit notice provisions. OFC's breach of the suit notice provisions, a condition precedent to coverage, precludes any coverage under the Policy.

23.     Further, OFC's almost four-year delay in notifying PIIC of the  Underlying Lawsuit and the resultant Final Default Judgment constitutes prejudice as a matter of law.

24.     For the foregoing reasons, there is no coverage under the PIIC policy.

## VII.     RESERVATION OF RIGHT TO AMEND

25.     PIIC reserves the right to amend this Complaint as necessary to add additional claims that may be made against Defendants.

## VIII.     RELIEF SOUGHT

26.     PIIC seeks a declaration pursuant to 28 U.S.C. § 2201 PIIC seeks a declaration that:

(a) PIIC has no duty to defend OFC for the claims asserted against it in the Underlying Lawsuit;

(b) it has no duty to indemnify OFC against the damages awarded against it in the Underlying Lawsuit;

(c) that OFC's failure to notify PIIC of the filing and service of the  Underlying Lawsuit was a breach of the Policy's provisions;

(d) OFC's failure to forward suit papers to PIIC was a breach of the Policy's provisions;

(e) OFC's failure to comply with the Policy's provisions constitutes a breach of a condition precedent to coverage;

(f) that the Final Default Judgment was prejudicial to PIIC as a matter of law; and

(g) that PIIC has no duty to respond to or to otherwise satisfy, in whole or in part, the Final Default Judgment entered in the  Underlying Lawsuit.

**WHEREFORE**, Plaintiff Philadelphia Indemnity Insurance Company prays for a declaration that it has no duty to defend or indemnify Defendant Our Future Children, Inc. in the Underlying Lawsuit nor any duty to satisfy, in whole or in part, the Final Judgment entered against Our Future Children, Inc. in the Underlying Lawsuit, as set forth above and for any further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
State Bar. No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:     214-665-0100
Facsimile:     214-665-0199
**ATTORNEY FOR PLAINTIFF**
**PHILADELPHIA INDEMNITY**
**INSURANCE COMPANY**