# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:24-cv-2529 |
| OUR FUTURE CHILDREN, INC. AND JEANNETTE HALL, | § § § § | |
| *Defendants*. | § § § | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT OUR FUTURE CHILDREN, INC.

**TO THE HONORABLE COURT**:

COMES NOW Plaintiff Philadelphia Indemnity Insurance Company (PIIC) and, pursuant to Federal Rule of Civil Procedure 55, respectfully files this Motion for Default Judgment against Defendant Our Future Children, Inc. (OFC), and shows as follows:

### INTRODUCTION AND FACTUAL BACKGROUND

This is a coverage suit on an insurance policy that PIIC issued to OFC, a Hawaii corporation subject to the laws of the State of Texas as it is a citizen of both Texas and Hawaii, is authorized to conduct business in Texas, and has purposefully engaged in systemic and substantial activity within this State thereby consenting to its jurisdiction. This coverage suit arises from a Final Default Judgment rendered against OFC in a suit styled *Jeannette Hall v. Our Future Children, Inc.*; Cause No. DC-20-05582, in the 44th Judicial District Court of Dallas County, Texas (the "Underlying Lawsuit"). ECF No. 1 (Complaint), Ex. 1.

The Underlying Lawsuit was a personal injury action by Plaintiff Jeannette Hall ("Hall")

who sought damages for injuries sustained in the course and scope of her employment for OFC at its establishment in Duncanville, Texas. ECF No. 1, Ex. 1.

Hall obtained a Final Default Judgment against OFC in the Underlying Lawsuit, which was entered on November 20, 2020. ECF No. 1, Ex. 2. Hall seeks coverage as a judgment creditor under the PIIC insurance policy issued to OFC. Therefore, she was joined in this action.

OFC did not notify PIIC of the Underlying Lawsuit or Final Default Judgment until three years and eight months later on July 20, 2024.

## PROCEDURAL HISTORY

PIIC filed its Original Complaint for Declaratory Judgment on October 8, 2024, seeking a determination that it has no obligation to defend and/or indemnify OFC, and has no duty to satisfy the Final Default Judgment, in the Underlying Lawsuit.  ECF No. 1.

On November 4, 2024, OFC was served by process. *See* ECF No. 6 (Proof of Service on OFC's registered agent for service, Beverly Chapman). No answer has been filed by or on behalf of OFC to date.

On December 6, 2024, PIIC filed its Request for Clerk's Entry of Default pursuant to Fed. R. Civ. P. 55(a), (b)(1). ECF No. 8. The Clerk entered default against OFC on December 6, 2024. ECF No. 9.

## ANALYSIS AND AUTHORITIES

A.   **Default Judgment Standard**

Default judgment can be rendered against a defendant after that defendant has been served with process and has failed to answer or otherwise appear. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  The Fifth Circuit has recognized that a default judgment is a three-step process: first, the movant must establish the adverse party has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.

1996).  Second, the movant must secure a clerk's entry of default against the adverse party.  *See* Fed. R. Civ. P. 55(a); *N.Y. Life Ins. Co*., 84 F.3d at 141. Once the clerk has entered the default, a movant may apply for a default judgment. Fed. R. Civ. P. 55(b); *N.Y. Life Ins*., 84 F.3d at 141. Entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint. *RooR Int'l BV and Sream, Inc. v. Easy's Smokeshop #5, LLC and Joshua Campbell*, No. 4:19-cv-00022-P, 2019 WL 8631651, at *1 (N.D. Tex. Dec. 30, 2019).

A default judgment is a judgment on the merits that conclusively establishes the defendant's liability.  *See Rialto Capital Advisors, LLC v. Lewis*, 1:11-CV-698, 2013 WL 1701590, at *2 (E.D. Tex. Apr. 18, 2013) (citing *Norex Petroleum Ltd v. Access Indus., Inc*., 416 F.3d 146, 150 (2d. Cir. 2005)).  "When a party defaults by failing to appear or defend a claim, the Court may enter final judgment without conducting a trial on liability." *J & J Products, Inc. v. Casita Guanajuato, Inc.*, A-13-CA-824-SS, 2014 WL 1092177, at *1 (W.D. Tex. Mar. 19, 2014). A default judgment against a defendant operates as an admission of the plaintiff's well-pleaded factual allegations. *Jackson v. FIE Corp*., 302 F.3d 515, 524 (5th Cir. 2002).

**B.     The First Two Steps in The Default Judgment Process Have Been Established**

**1.     OFC Has Defaulted**

To establish it is entitled to default judgment against OFC, PIIC must first establish that OFC has defaulted. OFC was served with process in this suit on November 6, 2024.  *See* ECF No. 6.  OFC failed to answer or otherwise respond to PIIC's complaint within the 21 days allowed by Fed. R. Civ. P. 12(a)(1)(A)(i). Because OFC failed to respond to PIIC's Complaint within 21 days, PIIC has established that OFC has defaulted.

**2.     The Clerk has Entered a Default Against OFC**

The Clerk's entry of default, the second step in securing a default judgment, is complete.

PIIC filed a Request for Clerk's Entry of Default against OFC on December 6, 2024. ECF No. 8. On December 6, 2024, PIIC obtained the Clerk's Entry of Default against OFC. ECF No. 9.

**C.     Third Step:  Sufficiency of the Factual Allegations**

A defendant's failure to file a responsive pleading or otherwise defend results in the resolution of material issues of fact and establishes its liability for the plaintiff's well-pleaded claims. *Rialto Capital Advisors, LLC v. Lewis*, 2013 WL 1701590, at *2.  In evaluating the merits of a motion for default judgment, the court treats the well-pleaded factual allegations in the complaint as true. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) ("the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."); *see also Geddes v. United Fin. Grp*., 559 F.2d 557, 560 (9th Cir. 1977) ("[t]he general rule of law is that upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true[.]").

**D.     By its Default, OFC has Admitted the Truth of PIIC's Well-Pled Allegations**

By its default, OFC is deemed to have admitted the truth of PIIC's well-pled Complaint allegations. *See Nishimatsu Constr. Co.,* 515 F.2d at 1206. Specifically, OFC has admitted the following:

> A.     PIIC issued a commercial package policy to OFC, as the named insured; bearing No. PHPK1788655, for the period effective February 24, 2018 to February 24, 2019 (the "Policy"). *See* Complaint ECF No. 1. ¶ 14.
>
> B.     In the Underlying Lawsuit, Hall alleged that she was an OFC employee performing duties in the course and scope of her employment, when she slipped and fell on a wet floor and sustained a fractured ankle requiring surgery. *Id.* ¶ 10. Hall sought damages against OFC for negligence of premises liability, negligence in hiring, training, supervising, and controlling, and claims under Chapter 406 of the Texas Labor Code. *Id.* On November 10, 2020, a Final Default Judgment was entered against OFC for $245,893.03 in damages, plus $689.83 in court costs, $5961.36 in prejudgment interest, and post-judgment interest at a rate of 5.0 percent per annum compounded annually until satisfied. *Id.* ¶ 12 a.-k.

C.     More than three years later, on July 29, 2024, PIIC first received notice of the Underlying Lawsuit and the Final Default Judgment. *Id.* ¶ 13.

D.     The Policy's insuring agreement provides that: "We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies…However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. *Id.* ¶ 14.

E.     The Policy contains the following notice requirements, which are conditions precedent to coverage:

* * *

> 2.     **Duties In The Event of Occurrence, Offense, Claim Or Suit**
>
>     a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
>         (1) How, when and where the "occurrence" or offense took place;
>
>         (2) The names and addresses of any injured persons and witnesses; and
>
>         (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
>     b. If a claim is made or "suit" is brought against any insured, you must:
>
>     (1) Immediately record the specifics of the claim or "suit" and the date received; and
>     (2) Notify us as soon as practicable.
>
>     You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
>     c. You and any other involved insured must:
>
>         (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

*Id.* ¶ 15.

F.     The Policy also contains the following exclusions, which state in pertinent part:

>    **2.**    **Exclusions**
>    This insurance does not apply to:
>
>    * * *
>
>    **d.**    **Workers' Compensation And Similar Laws**
>
>    Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
>    * * *
>    **e.**    **Employer's Liability**
>
>    "Bodily Injury" to:
>
>    **(1)**    An "employee" of the insured arising out of and in the course of:
>
>    >    **(a)**    Employment by the insured; or
>    >    **(b)**    Performing duties related to the conduct of the insured's business; or
>    **(2)**    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.
>
>    This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

*Id.* ¶ 14.

G.    The Policy affords liability coverage for sums an insured becomes legally obligated to pay for claims to which the insurance applies. Hall's allegations and claims against OFC in the Underlying Lawsuit were asserted in her status as an employee of OFC and its status as her employer. Such allegations and claims fall squarely within the Policy's workers' compensation and employer's liability exclusions. Consequently, they are not covered claims, do not invoke coverage within the scope of the insuring agreement, and do not trigger a defense obligation under the Policy.

H.    Further, the Court's findings in the Final Default Judgment include that OFC's negligence arose from its acts and/or omissions as Hall's employer. Thus, confirming applicability of the Policy's workers' compensation and employer's liability exclusions to preclude coverage for any indemnity obligation.

  I. Additionally, OFC's failure to notify PIIC of the Underlying Lawsuit, to forward suit papers, and to promptly notify PIIC of the Final Default Judgment are each a breach of the Policy's suit notice provisions, conditions precedent to coverage, which conclusively preclude any coverage under the Policy. OFC's almost four-year delay in notifying PIIC of the Underlying Lawsuit and Final Default Judgment constitute prejudice as a matter of law.

  J. In sum, PIIC has no duty to defend and/or indemnify OFC for the claims and resultant Final Default Judgment entered in the Underlying Lawsuit.

**E.** **PIIC's Request for Default Judgment is Supported by Texas Law**

Under the Texas eight-corners rule, an insurer's duty to defend arises if the insured is sued and the complaint alleges facts that are potentially covered. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.* 939 S.W.2d 139, 141 (Tex.1997); *see also Navarro v. Golden State Claims Adjs.*, No. 3:16-cv-1147-S, 2018 WL 4471782, at *8 (N.D. Tex. Aug. 27, 2018). The insurer must compare the four corners of the complaint with the four corners of the insurance policy to determine if the allegations potentially fall within coverage. *Merchants Fast Motor Lines*, 939 S.W.2d at 141. If the pleadings alone do not allege facts within the scope of coverage, the insurer is not legally required to defend. *Id.* An eight-corners rule analysis of the PIIC policy and Underlying Lawsuit's allegations show that PIIC's well-pleaded Complaint establishes it owes no duty of defense and/or indemnity in the Underlying Lawsuit. Further, its Complaint allegations are sufficient to support its request for a default judgment against OFC.

  **1.** **PIIC does not owe a duty to defend OFC in the Underlying Lawsuit**

In the Underlying Lawsuit, Hall alleged that she was injured during the course and scope of her employment for OFC. She sought damages against OFC for its acts and omissions in its capacity as her employer. These allegations fall squarely within the Policy's workers' compensation and employer's liability exclusions, which preclude coverage for "bodily injury" to an insured's "employee." As such, Hall's claims against OFC were precluded from coverage by

said exclusions and, thereby, did not trigger a defense obligation pursuant to the eight-corners rule.

2. **PIIC does not owe a duty to indemnify OFC in the Underlying Lawsuit**

Where an insurer has no duty to defend an insured, the duty to indemnify is justiciable because the insurer could "prov[e] that coverage [was] impossible in the underlying case." *GuideOne Ins. Co. v. House of Yahweh*, 828 F. Supp. 2d 859, 862-63 (N.D. Tex. 2011) (citing *Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). In *House of Yahweh*, the court found that the insurer had no duty to indemnify the insured based on the same reasoning applied to examine the duty to defend. 828 F. Supp. 2d at 863; *see also Griffin*, 955 S.W.2d at 84 (duty to indemnify is justiciable … when the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify).

The same rule of law applies here because Hall's allegations in the Underlying Lawsuit of having sustained bodily injury while in the course and scope of her employment for OFC fall within the Policy's workers' compensation and employer's liability exclusions, thus precluding coverage for any defense obligation. The findings of fact in the Final Default Judgment entered in the Underlying Lawsuit include that OFC was negligent as to premises liability and negligent as to hiring, training, supervising and controlling under the doctrines of respondeat superior and/or agency. *See* ECF No. 1, Ex. 2. Thus, the same reasons that negate PIIC's duty to defend OFC in the Underlying Lawsuit likewise negate any possibility that it will ever have a duty to indemnify OFC for the damages awarded against it.

3. **OFC's Breach of the Policy's Suit Notice Provisions Constitutes Prejudice as a Matter of Law**

It is well established Texas law that "[t]he failure to notify an insurer of a default judgment against its insured until after the judgment has become final and non-appealable prejudices the insurer as a matter of law." *Harwell v. State Farm Mut. Auto Ins. Co.*, 896 S.W.2d 170,174

(Tex.1995) (citing *Liberty Mut. Ins. Co. v. Cruz*, 883 S.W.2d 164, 165 (Tex. 1993)); *see also Wheeler v. Allstate Ins. Co.*, 592 S.W.2d 2, 3 (Tex. Civ. App. – Beaumont 1979, no writ) (noting that it is "difficult to imagine more prejudice" to an insurer who does not receive notice of suit until after judgment becomes final). OFC did not notify PIIC of the Underlying Lawsuit and its resultant Final Default Judgment entered on November 10, 2020, until three years and eight months later on July 29, 2024. This delay constitutes breach of the Policy's suit notice provisions; a breach which resulted in prejudice to PIIC as a matter of law.

## CONCLUSION

PIIC has shown that OFC was served with process and failed to answer or otherwise appear within 21 days, and the Clerk's Entry of Default has been recorded by the Clerk of this Court. OFC's failure to answer and defend this lawsuit, and subsequent default, constitutes an admission of all of the allegations asserted in the Complaint.

PIIC has further shown that the claims against OFC in the Underlying Lawsuit were precluded from coverage by the Policy's workers' compensation and employer's liability exclusions. Further, OFC's breach of the Policy's suit notice provisions by failing to notify PIIC of the Underlying Lawsuit and resultant Final Default Judgment until almost four years after the fact constitutes prejudice as a matter of law. Therefore, PIIC has no duty to defend and/or indemnify OFC, and has no obligation with regard to the Final Default Judgment entered against it, in the Underlying Lawsuit.

## RELIEF REQUESTED

PIIC respectfully requests that, pursuant to Fed. R. Civ. P. 55(b)(2), the Court sign the Default Judgment submitted herewith.

**WHEREFORE**, Philadelphia Indemnity Insurance Company prays that the Court grant its

motion for default judgment against Defendant Our Future Children, Inc., and enter judgment that PIIC has no duty to defend or indemnify OFC against the claims raised in the Underlying Lawsuit and for such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

/s/ Stephen A. Melendi
Stephen A. Melendi
State Bar. No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:     214-665-0100
Facsimile:     214-665-0199
**ATTORNEYS FOR PLAINTIFF PHILADELPHIA INDEMNITY INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2024, a true copy of the foregoing was served on all counsel of record via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure.

/s/Stephen A. Melendi
Stephen A. Melendi