IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:24-CV-02529-N |
| OUR FUTURE CHILDREN, INC., *et al.*, | § § § § | |
| Defendants. | § § | |

## ORDER GRANTING DEFAULT JUDGMENT

This Order addresses plaintiff Philadelphia Indemnity Insurance Company's ("PIIC") motion for default judgment against defendant Our Future Children, Inc. ("OFC") [10]. This Order does not pertain to defendant Jeannette Hall who has filed an answer in this case. Because PIIC has established that the requirements for a default judgment against OFC are met, the Court grants the motion and hereby enters an interlocutory default judgment against OFC.

Where a defendant fails to plead or otherwise respond to the complaint within the allotted time, the plaintiff is entitled to apply for a default judgment based on the default. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Default judgment is a three-step procedure requiring (1) the defendant's default; (2) the entry of default; and (3) the issuance of a default judgment. *Id.* Here, the summons was properly served on OFC and returned on Nov. 4, 2024. OFC did not respond to the complaint or otherwise appear in

ORDER – PAGE 1

this action within the requisite time period. The Clerk then entered a default as to OFC on Dec. 6, 2024.

The Court, finding no reason that a default judgment should be avoided here, grants PIIC's motion and enters this interlocutory default judgment against only defendant OFC. As a result of OFC's default in this case, all well-pleaded allegations of fact in PIIC's complaint are deemed admitted as against OFC. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Accordingly, it is ordered that:

1. An interlocutory default judgment is entered in PIIC's favor against OFC;
2. PIIC has no duty to defend OFC for the claims asserted against it in the Underlying Lawsuit;
3. PIIC has no duty to indemnify OFC against the damages awarded against it in the Underlying Lawsuit;
4. OFC's failure to notify PIIC of the Underlying Lawsuit, failure to forward suit papers, and failure to comply with the Policy's suit notice provisions constitutes a breach of conditions precedent to coverage; and
5. OFC's failure to notify PIIC of the Final Default Judgment entered in the Underlying Lawsuit three years and eight months after its entry was prejudicial to PIIC as a matter of law, and thereby relieves PIIC from any duty to respond to or otherwise satisfy, in whole or in part, the Final Default Judgment entered against OFC in the Underlying Lawsuit.

Signed January 6, 2025.

_____
David C. Godbey
Chief United States District Judge

ORDER – PAGE 3